UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.B., an infant, by his mother and natural guardian, DORIS MALDONADO ALVEREZ, and, DORIS MALDONADO ALVEREZ, individually,<br><br>           Plaintiffs,<br><br>  - against -<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | 16 Civ. 2554 (LMS)<br><br>**ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR** |

On \_July 14\_, 2020, the above-captioned matter came on for hearing and approval by the Court as to the reasonableness of a settlement between Plaintiffs A.B., an infant,[1] by his mother and natural guardian, Doris Maldonado Alverez, and Doris Maldonado Alverez, individually (collectively, "Plaintiffs"), and Defendant, the United States of America (the "United States"), pursuant to Local Rule 83.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The personal appearance of A.B. was excused for good cause. See N.Y. C.P.L.R. § 1208(d). Plaintiff Doris Maldonado Alverez appeared telephonically and through her counsel of record. The United States appeared telephonically through its counsel of record.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release (hereinafter "Stipulation"), attached hereto as Exhibit 1. The Court has reviewed the Stipulation, Plaintiffs' motion for approval of the settlement, and the documents submitted in support of the motion, and heard Plaintiffs' arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including that the payment is subject to the

---

[1] Pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure, the infant plaintiff is identified herein only by his initials.

availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C. § 233(g). See 42 U.S.C. § 233(k). The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of A.B., a minor. The Court further finds that the terms and conditions of this settlement, as set forth in the Stipulation, satisfy the requirements of Local Civil Rule 83.2.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibit 1, is hereby approved. It is further ordered that Doris Maldonado Alverez, as mother and natural guardian, is authorized and required to sign any documents that are necessary to consummate this settlement on behalf of A.B., a minor. It is further ordered that Doris Maldonado Alverez, as mother and natural guardian, is guardian of the property of A.B., a minor, for purposes of receiving funds on his behalf under the Stipulation and this Order pursuant to N.Y. C.P.L.R. § 1206.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of eight hundred thousand dollars ($800,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that attorney's fees in this action shall be set at $200,000.00, an amount not exceeding 25% of the Settlement Amount, and shall be paid as provided in the Stipulation. The Court finds that the reimbursable costs and expenses associated with the litigation are $26,132.41, and that such costs and expenses are fair, reasonable, and necessary. It is hereby ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or

reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby orders Plaintiffs, by and through their counsel, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further orders that Plaintiffs and their counsel shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in the Stipulation, and that reimbursement to Westchester County Department of Social Services for its Medicaid lien shall be $30,668.37, payable to the "New York State Department of Health.".

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon receiving notice from the United States Attorney's Office for the Southern District of New York that the Settlement Amount has been processed, shall cause their counsel to file with the United States District Court for the Southern District of New York a stipulation of dismissal of this action in its entirety with prejudice as to the United States, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with each party bearing its own costs, expenses, and fees. Upon the filing of such stipulation of dismissal, the United States Attorney's Office for the Southern District of New York shall transmit or cause to be transmitted the Settlement Amount.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

SO ORDERED:

_____
HONORABLE LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE

Dated: 7/16/2020